**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION, <br><br> Defendant, <br><br> CROSSROADS GRASSROOTS POLICY STRATEGIES, <br><br> Intervenor-Defendant. | Civil Action No. 16-00259 (BAH) |

**PLAINTIFFS' OPPOSITION TO CROSSROADS GRASSROOTS POLICY STRATEGIES' MOTION FOR EXPEDITED BRIEFING ON MOTION FOR STAY PENDING APPEAL**

Three weeks ago, on August 3, 2018, the Court granted plaintiffs Citizens for Responsibility and Ethics in Washington and Nicholas Mezlak (together, "CREW") summary judgment in this case. Rather than promptly seek appellate review or a stay of judgment, the intervening defendant in this action, Crossroads Grassroots Policy Strategies ("Crossroads GPS"), waited those three weeks to file a notice of appeal, *see* ECF No. 44, and a motion to stay all aspects of this Court's August 3 decision, *see* ECF No. 45. In addition, Crossroads GPS now demands this Court accommodate its delay and requests an expedited briefing schedule that would have CREW as well as the Federal Election Commission ("FEC") respond to its twenty-six page motion and affidavit within days, over an August weekend, and have this Court issue

1

relief upon Crossroads GPS's abbreviated schedule.  Crossroads GPS provides no valid justification for this unreasonable demand.

Crossroads GPS's proposed schedule is extremely prejudicial to the other parties.  As is apparent from Crossroads GPS's motion, counsel for the defendant here, the FEC, has not even had the opportunity to meet and confer with respect to Crossroads GPS's motion.  Nor will it until next week, by when Crossroads GPS already expects an order from the Court.  Counsel for CREW, who are both traveling at this time attending to family commitments and will be through this week, managed to coordinate a meet and confer on one day's notice, but cannot be expected to defend their clients' interests in ensuring this Court's order's timely application on the condensed schedule Crossroads GPS proposes.

Nor does Crossroads GPS provide any reasonable need for the truncated schedule it offers.  The only apparent basis for Crossroads GPS's impatience is the expiration of the thirty-day deadline for the FEC to conform with the August 3 decision, but that deadline provides no cause to rush ahead.  First, as noted, the impending expiration of the thirty-day deadline for the FEC to conform is a matter of Crossroads GPS's own making.  Crossroads GPS provides no reason why it could not have sought this relief weeks ago, when the parties and this Court could have provided its request adequate consideration.  *See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 287–88 (D.D.C. 2011) (denying request to expedite briefing schedule where need was of movant's own making).  Second, Crossroads GPS provides no reason the thirty-day deadline provides any basis for the relief it seeks here.[1]

---

[1] While the expiration of the forty-five-day period generously provided by the Court for the FEC to enter interim regulations will result in a change in the law, that deadline is still some twenty-one days away. Indeed, the entirety of Crossroads GPS's motion for stay, filed moments before the motion for expedited briefing, focuses on the impact of the Court's order regarding 11 C.F.R. § 109.10(e)(1)(vi) will purportedly have on it and other parties.  Crossroads GPS's comparative silence about any impact of the need to stay the thirty-day deadline simply emphasizes the lack of need for expedition here.

The thirty-day period is for the FEC to determine whether it will conform with the Court's August 30 judgment. *See* 52 U.S.C. § 30109(a)(8)(C). It remains to be seen if the FEC will conform, or if its decision to conform could result in any impairment of Crossroads GPS's interest. It is quite possible, for example, that the FEC will conform by choosing to dismiss CREW's administrative complaint on some lawful basis. *See, e.g.*, Mem. Op., *CREW v. FEC*, No. 14-cv-1419 (D.D.C. Apr. 6, 2017) (holding agency did not fail to conform with court judgment by dismissing on grounds other than those warranting prior contrary-to-law judgment). It is also possible that the FEC will find reason to believe Crossroads GPS violated the law, or it may choose not to conform and CREW may or may not bring a civil action, either of which would not result in any prejudice to Crossroads GPS as it would be free to defend against those actions before the agency or a court. *See, e.g.*, *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (litigation expenses do not warrant a stay). In either event, if Crossroads GPS were to succeed on its appeal, it could then seek to apply that judgment to the administrative or judicial proceedings. There is no reason to stay the deadline for the FEC to conform to allow Crossroads GPS to appeal, and absolutely no reason to rush the issue in expedited briefing.

Moreover, it is far from clear this Court has jurisdiction to stay its judgment under the Federal Election Campaign Act ("FECA"), as the effect of its August 3 order was to remand this case back to the agency, where it now sits. *See, e.g.*, *CREW v. FEC*, No. 16-5300, 2017 WL 4957233, at *1 (D.C. Cir. Apr. 4, 2017) (per curiam) (finding no jurisdiction to entertain appeal because action was remanded back to agency). Indeed, the relief Crossroads GPS seeks is merely an end-run around the provisions of the FECA which provide the agency must choose to conform "*within* 30 days." 52 U.S.C. § 30109(a)(8)(C) (emphasis added). Courts may not alter

3

that thirty-day deadline to conform. *See In re Nat'l Cong. Club*, Nos. 84-5701, 84-5179, 1984 WL 148396 (D.C. Cir. Oct. 24, 1984) (per curiam). But an extension of that time to act is precisely what Crossroads GPS seeks by reason of this stay.[2]

Simply put, the thirty-day deadline for the FEC to conform places no burden on Crossroads GPS and its expiration would not result in any prejudice to Crossroads GPS that could justify the extremely short schedule it wishes to force on this Court and the other parties. There is no reason why the standard deadlines of the local rules cannot and should not govern this motion. Accordingly, CREW respectfully requests this Court deny Crossroads GPS's motion for expedited briefing.

Dated: August 27, 2018.                    Respectfully submitted,

*/s/ Stuart McPhail*
Stuart C. McPhail
(D.C. Bar No. 1032529)
*smcphail@citizensforethics.org*
Adam J. Rappaport
(D.C. Bar No. 479866)
*arappaport@citizensforethics.org*
Citizens for Responsibility and Ethics
  in Washington
455 Massachusetts Ave., N.W.
Washington, D.C.  20001
Telephone: (202) 408-5565
Fax: (202) 588-5020

*Counsel for Citizens for Responsibility and
  Ethics in Washington and Nicholas Mezlak*

---

[2] CREW only notes these deficiencies here to underscore the lack of need of expedited review. CREW believes a stay of any part of the judgment is unwarranted and will address the merits of Crossroads GPS's motion in a later filing.