UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON, *et al.*,

    Plaintiffs,

  v.

FEDERAL ELECTION COMMISSION,

    Defendant,

CROSSROADS GRASSROOTS POLICY
STRATEGIES,

    Intervenor-Defendant.

Civil Action No.  1:16-cv-00259-BAH

**CROSSROADS GRASSROOTS POLICY STRATEGIES'
REPLY TO PLAINTIFFS' OPPOSITION TO ITS MOTION FOR
EXPEDITED BRIEFING ON MOTION FOR STAY PENDING APPEAL**

    The opposition by Citizens for Responsibility and Ethics in Washington ("CREW") to Crossroads GPS's motion for expedited briefing largely ignores the confusion and irreparable injury threatened by the rapidly approaching end of the Court's stay of its vacatur of the FEC regulation.  While, as CREW notes, the vacatur is still 21 days away, members of the regulated community are even now threatened with enforcement during the 45-day period, Press Release, *CREW Scores Major Court Victory Against Dark Money*, CREW (Aug. 4, 2018),[1] and also will need time to determine whether they must adjust (or cease) their planned First Amendment-protected activities in response to the impending vacatur.  CREW suggests no alternative expedition or other remedy to address this injury.

    Instead, CREW focuses on the unstayed injunction compelling the FEC to act on the

---

[1] https://www.citizensforethics.org/press-release/crew-scores-major-court-victory-against-dark-money/.

administrative complaint against Crossroads GPS within 30 days, *i.e.* by September 2. There it makes two basic arguments.

First, CREW contends that "[it] remains to be seen" what the FEC will do with the administrative complaint on remand, and that it is possible the FEC will again choose to dismiss. CREW Opposition (Dkt. No. 47) at 3. However, the basis for the Court's remand of the administrative complaint is an apparent legal error that is contrary to general principles of administrative law, and therefore Crossroads GPS deserves immediate relief from being subjected to further enforcement proceedings and legal risk.

The Court found the FEC's dismissal deficient because: (1) it was premised on a "regulatory test requiring 'an express link between the receipt and the independent expenditure'" which the Court found to be "contrary to law and [to] clearly conflict[] with the FEC's statutory mandate"; and (2) the dismissal was based on the FEC's "pervading reliance . . . on the invalid regulation." Op. (Dkt. No. 43 at 104, 106).

But Crossroads GPS's reliance on the FEC regulation is an absolute bar to any liability and therefore is also an absolute bar against any further agency reconsideration on remand. The underlying statute here permitted Crossroads GPS to "undertake any conduct permitted by the challenged regulations without fear of penalty, <u>even if that conduct violates campaign statutes</u>." *Shays v. FEC* ("*Shays I*"), 414 F.3d 76, 84 (D.C. Cir. 2005) (emphasis added). Compliance with FEC regulations removes "<u>any</u> risk of enforcement" and "establish[es] 'legal rights' to engage in that conduct." *Id*. at 95 (emphasis added) (citation omitted).

This is not just a feature of the campaign finance law, it is a general principle of administrative law. Therefore, even when a court invalidates an agency regulation, "any [person] who relied on that [regulation] prior to the date of [the court's] decision can properly

assert it as a defense to a charge that he otherwise violated the [statute]." *Joseph v. U.S. Civil Service Comm'n*, 554 F.2d 1140, 1157 (D.C. Cir. 1977). Such a defense precludes any further agency enforcement proceedings here.

Furthermore, even if the FEC does not take enforcement action against Crossroads GPS on remand, the Court's order still subjects Crossroads GPS to liability risk that it shouldn't be subject to. For example, if the Commission dismisses again within 30 days, it could embroil the parties in further litigation challenging a second dismissal when the first one was proper. And if the Commission does not dismiss or take some formal action within the 30-day remand period, CREW may try to use that potential inaction as the basis to sue Crossroads GPS directly. *See* 52 U.S.C. § 30109(a)(8)(C). Indeed, CREW has done precisely this in another recent matter. *See CREW v. Amer. Action Network*, Case No. 1:18-cv-00945 (D.D.C. filed Apr. 23, 2018).

Secondly, while CREW concedes the issue is "far from clear," it contends that the language in 52 U.S.C. § 30109(a)(8)(C) giving the FEC an opportunity to conform with the Court's decision "within 30 days" on remand may preclude "an extension of that time," which CREW contends "is precisely what Crossroads GPS seeks by reason of this stay." CREW Opposition (Dkt. No. 47) at 3-4. CREW is mistaken on both accounts.

For one thing, the authority that CREW cites does not stand for this proposition. In fact, in *In re Nat'l Cong. Club*, 1984 WL 148396 at *1 (D.C. Cir. 1984), the D.C. Circuit held that the statute provides the FEC with "at least 30 days" to conform with a district court order on remand (emphasis added). Moreover, Crossroads GPS is not seeking an "extension" of the time the FEC has to reconsider the administrative complaint, but rather a stay of the Court's order that would free the FEC and Crossroads GPS from any administrative proceedings on the matter whatsoever pending appeal. Just as the Court has the inherent power to stay its vacatur of the FEC

regulation, Crossroads GPS is aware of no authority precluding the Court from similarly staying its remand of the administrative complaint to the FEC.

Finally, CREW complains that Crossroads GPS should have moved for a stay more quickly.[2] Confident that the Court understands the difficulties faced by a group such as Crossroads GPS in digesting the Court's complex ruling and assessing options, and preparing a properly reasoned motion for the Court, Crossroads GPS believes it need offer nothing further on that point. If CREW needs a few extra days to respond effectively, the Court could grant a brief administrative stay for that purpose.

For these reasons, Crossroads GPS respectfully requests that the Court grant expedited briefing, taking whatever other steps may be necessary to preserve fairness and prevent irreparable injury.

Respectfully submitted,

/s/ Thomas W. Kirby

| | |
|---|---|
| Thomas J. Josefiak | Michael E. Toner (D.C. Bar No. 439707) |
| J. Michael Bayes (D.C. Bar No. 501845) | Thomas W. Kirby (D.C. Bar No. 915231) |
| HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC | Andrew G. Woodson (D.C. Bar No. 494062) |
| 45 North Hill Drive, Suite 100 | Eric Wang (D.C. Bar No. 974038) |
| Warrenton, VA 20186 | WILEY REIN LLP |
| Tel.: 540.341.8808 | 1776 K Street, NW |
| Fax: 540.341.8809 | Washington, DC 20006 |
| | Tel.: 202.719.7000 |
| | Fax: 202.719.7049 |
| | |
| | *Counsel for Crossroads Grassroots Policy Strategies* |
| August 27, 2018 | |

---

[2] Relatedly, CREW contends that Crossroads GPS's motion indicates counsel for the FEC have "not even had the opportunity to meet and confer with respect to [the] motion." Crossroads GPS first reached out to counsel for the FEC more than 24 hours before filing the motion and apprised counsel at that time of Crossroads GPS's intention to seek a stay of the Court's order. Crossroads GPS's counsel conferred again this afternoon with counsel for the FEC and were advised the agency has no position at this time on the motions, after the FEC had the better part of three business days to consider them.