**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> FEDERAL ELECTION COMMISSION, <br><br> Defendant, <br><br> CROSSROADS GRASSROOTS POLICY STRATEGIES, <br><br> Intervenor-Defendant. | Civil Action No.  1:16-cv-00259-BAH |

**CROSSROADS GRASSROOTS POLICY STRATEGIES'
BRIEF ON JURISDICTIONAL ISSUES
REGARDING ITS MOTION TO STAY PENDING APPEAL**

Crossroads Grassroots Policy Strategies ("Crossroads GPS") respectfully submits this brief in response to the Court's August 28 minute order requesting additional briefing on the Court's jurisdiction to (1) stay, pending appeal, its remand of the administrative enforcement complaint to the Federal Election Commission ("FEC"), and (2) extend through appeal the Court's original 45-day stay of the judgment declaring invalid and vacating the regulation at issue, 11 C.F.R. § 109.10(e)(1)(vi).

The first issue has been overtaken by events.  The FEC has already dismissed the administrative enforcement complaint, apparently on grounds not depending on the validity of the regulation.  *See* Dkt. No. 50 (response of the FEC to Crossroads GPS's motion for a stay). Although future events could revive the dismissal issue, for the moment, as the FEC itself explained, "the portion of the pending motion by Crossroads GPS that seeks a stay pending appeal of the Court's order regarding the underlying administrative complaint in this matter is

moot." *Id.* Because mootness itself is a jurisdictional bar, Crossroads GPS turns to point 2.

Importantly, point 2 concerns this Court's continuing authority to stay its own judgment and to extend its own stay. Although the dismissal issue may have been remanded to the FEC, there was no such remand of the judgment of invalidity or of the 45-day initial stay.[1] The Court's stated reason for the 45-day stay was to allow the FEC to adopt an interim rule if it so chose, but the FEC was not ordered to do so. Nor was the FEC given any authority to extend the 45-day stay if it required more time to complete that task.

Rule 60, Fed. R. Civ. P., and Rule 8, Fed. R. App. P., presuppose that this Court has continuing authority with respect to its own judgment. And this must be so. Suppose (contrary to fact) that CREW had some compelling reason the original 45-day stay should be shortened. Could it have sought such relief from the FEC? Obviously not. Agencies cannot set aside such judicial action. But an interim measure such as a stay cannot be an immovable object.

Doubtless that is why CREW's initial filing did not even assert a jurisdictional problem

---

[1] This Court's August 3 order (Dkt. No.42) reads in relevant part:

> ORDERED that the defendant Federal Election Commission's dismissal of the plaintiffs' amended administrative complaint, dated April 24, 2013, is declared contrary to law and is hereby VACATED; and it is further
>
> ORDERED that *the Federal Election Commission is directed to reconsider the plaintiffs' amended administrative complaint*, dated April 24, 2013, in conformity with this Memorandum Opinion, within 30 days, pursuant to 52 U.S.C. § 30109(a)(8)(C); and it is further
>
> ORDERED that 11 C.F.R. § 109.10(e)(1)(vi), promulgated by the Federal Election Commission, is declared to be invalid and otherwise not in accordance with law, and is VACATED, which vacatur is STAYED for 45 days from the date of this ORDER[.]

Order at 2 (emphasis added). As can be seen, the second ordering paragraph directs further action by the FEC, but the third paragraph (relevant here) operates directly on the Court's own order of vacatur.

with this Court's authority to extend the existing stay as to the regulation. Instead, CREW's Stay Opposition (Dkt. No. 47) focused on whether this Court could alter the timing of the FEC's handling of the *administrative enforcement complaint*. *See id.* 47 at 3-4 (citing 52 U.S.C. § 30109(a)(8)(C)). For the present, that issue is moot.

As CREW doubtless recognized, stays following a regulation's vacatur are commonplace since the "district court retains some remedial discretion [over the case] . . . and the parties may move to stay the district court's [vacatur] order." *Friends of Earth, Inc. v. E.P.A.*, 446 F.3d 140, 148 (D.C. Cir. 2006). *See, e.g.*, *Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 857 F.3d 907, 910 (D.C. Cir. 2017), *cert. denied*, 138 S. Ct. 1276 (2018) (noting district court's three-month extension of its original decision to stay vacatur of invalid rule); *AARP v. United States Equal Emp't Opportunity Comm'n*, 292 F. Supp. 3d 238, 245 (D.D.C. 2017) (exercising "discretion to stay the effective date of [the court's] vacatur order until January 1, 2019" because "'[t]he district court retains some remedial discretion' to stay an order of vacatur"); *Nat'l Venture Capital Ass'n v. Duke*, 291 F. Supp. 3d 5, 21 (D.D.C. 2017) (noting that party can move for stay pending appeal of vacatur remedy); *NACS v. Bd. of Governors of Fed. Reserve Sys.*, 746 F.3d 474, 482 (D.C. Cir. 2014) (noting that district court granted stay pending appeal given that "regulated parties had already 'made extensive commitments' in reliance on the Board's rules"); *Sierra Club v. Pruitt*, 293 F. Supp. 3d 1050, 1061 (N.D. Cal. 2018) (staying order vacating rule until future date following further briefing).

Indeed, even where courts "have vacated rules or orders <u>and remanded to the agency</u>" – an additional step that the Court did not undertake here – courts still "have indicated that [they] would entertain a motion for a stay of the mandate while the agency took corrective action." *Nat. Res. Def. Council v. E.P.A.*, 489 F.3d 1250, 1262–63 (D.C. Cir. 2007) (emphasis added).

*See al*so *Cement Kiln Recycling Coal. v. E.P.A.*, 255 F.3d 855, 872 (D.C. Cir. 2001) (parties to proceeding may file a motion to delay the effectiveness of vacatur); *U.S. Tel. Ass'n v. F.C.C.*, 188 F.3d 521, 531 (D.C. Cir. 1999) (explaining that "of course" the government may "request a stay of this order pending its reconsideration").  This is because the opportunity to seek a stay is an important "safety valve" that provides the "agency, and any intervenors on its side, [with an] opportunity to file post-decision motions demonstrating why an unlawful order or rule should remain in place during proceedings on remand." *In re Core Commc'ns, Inc.*, 531 F.3d 849, 863 (D.C. Cir. 2008) (Griffith, J. concurring).  *See also Comcast Corp. v. F.C.C.*, 579 F.3d 1, 11–12 (D.C. Cir. 2009) (Randolph, J., concurring) ("the losing agency may always file a post-decision motion for a stay of the mandate showing why its unlawful rule or order should continue to govern until proceedings on remand are completed").  And such a stay operates directly on the Court's own judgment, rather than usurping agency discretion.

Even beyond these specific authorities, this Court also has broad "equitable powers to stay the mandate of its prior [vacatur] decision." *Haw. Longline Ass'n v. Nat'l Marine Fisheries Serv.*, 288 F. Supp. 2d 7, 12 (D.D.C. 2003); *see generally* Fed. R. Civ. P. 54, 59, and 60.  To conclude otherwise would be to render the Court's current stay effectively immutable short of appellate review, as the FEC has no authority to curtail or extend the stay on its own.  This type of "peculiar result . . . should counsel against" the Court reaching that conclusion here.  *Doe v. Bin Laden*, 580 F. Supp. 2d 93, 97 (D.D.C. 2008), *aff'd and remanded*, 663 F.3d 64 (2d Cir. 2011).

In short, abundant precedent and the Rules confirm that this Court has continued authority over its judgment and, in particular, has authority to grant a stay pending final resolution of the appeal.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Thomas W. Kirby |
| Thomas J. Josefiak | Michael E. Toner (D.C. Bar No. 439707) |
| J. Michael Bayes (D.C. Bar No. 501845) | Thomas W. Kirby (D.C. Bar No. 915231) |
| HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC | Andrew G. Woodson (D.C. Bar No. 494062) |
| 45 North Hill Drive, Suite 100 | Eric Wang (D.C. Bar No. 974038) |
| Warrenton, VA 20186 | WILEY REIN LLP |
| Tel.: 540.341.8808 | 1776 K Street, NW |
| Fax: 540.341.8809 | Washington, DC 20006 |
|  | Tel.: 202.719.7000 |
|  | Fax: 202.719.7049 |
|  |  |
| September 7, 2018 | *Counsel for Crossroads Grassroots Policy Strategies* |